UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 13, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Timothy H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-1746-BAH

Dear Counsel:

On July 16, 2022, Plaintiff Timothy H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 6), the parties' dispositive filings[1] (ECFs 11[2] and 14), and Plaintiff's reply (ECF 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Defendant's motion, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on August 13, 2014, and a Title XVI application for Supplemental Security Income ("SSI") benefits on August 29, 2014, alleging a disability onset of February 1, 2014. Tr. 207–14. Plaintiff's claims were denied initially and on reconsideration. Tr. 67–96, 99–132. On February 13, 2017, an Administrative Law Judge ("ALJ") held a hearing. Tr. 38–66. On April 5, 2017, the ALJ

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive "briefs" rather than "motions for summary judgment." Here, Plaintiff filed a brief and Defendant filed a motion for summary judgment. *See* ECFs 11, 14.

[2] Plaintiff's brief exceeds the number of pages permitted by Local Rule 105.3. *See* Loc. R. 105.3 (D. Md. 2023) ("Unless otherwise ordered by the Court, . . . briefs shall not exceed thirty (30) pages[.]"). Plaintiff has not moved to waive the page-length requirement imposed by this rule. The Court excuses Plaintiff's noncompliance with Local Rule 105.3 on this occasion but directs counsel to comply with this and all other Local Rules in future filings.

*Timothy H. v. Kijakazi*
Civil No. 22-1746-BAH
July 13, 2023
Page 2

determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. Tr. 11–31. The Appeals Council declined to review this decision, Tr. 1–5, so Plaintiff appealed to this Court. Tr. 621–33. On September 10, 2019, the Court reversed the decision and remanded Plaintiff's case to the SSA. Tr. 634–47. The Appeals Council then vacated the ALJ's decision and remanded Plaintiff's case to an ALJ for further proceedings. Tr. 648–51.

A new hearing was held on April 2, 2020. Tr. 584–620. The ALJ then issued a partially favorable decision on April 29, 2020, finding that Plaintiff was disabled as of, but not prior to, August 1, 2018. Tr. 555–83. The Appeals Council declined Plaintiff's request for review of the April 29, 2020 decision, Tr. 517–23, so that decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since the alleged onset date." Tr. 562. At step two, the ALJ found that "[s]ince . . . February 1, 2014," Plaintiff "has had the following severe impairments: bipolar disorder, depression anxiety, asthma, cardiac disorder, insomnia and kidney disease." *Id.* The ALJ also found that "[b]eginning on . . . August 1, 2018," Plaintiff "has had the following severe impairments: bipolar disorder, depression anxiety, asthma, cardiac disorder, insomnia, kidney disease and right shoulder disorder." Tr. 563. The ALJ also determined that Plaintiff suffered from the non-severe impairments of lumbar strain, gastroesophageal reflux disease, duodenal ulcer, eczema, hearing loss, myalgia, arthritis, renal insufficiency, hemorrhoid, allergic rhinitis, and obesity. *Id.* At step three, the ALJ determined that Plaintiff "has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" since February 1, 2014. *Id.* Despite these impairments, the ALJ determined that, "prior to August 1, 2018, the date [on which he] became disabled," Plaintiff retained the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except: The claimant can occasionally climb ladders, ropes and scaffolds. He cannot

---

[3] 42 U.S.C. §§ 301 et seq.

> tolerate extreme temperatures, humidity, fumes, odors, dusts, gases or poor ventilation. The claimant can occasionally work around hazardous machinery and unprotected heights. He can apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. The claimant can deal with problems involving a few concrete variables in or from standardized situations, consistent with work at SVP 2 and reasoning level 2. He can work at a consistent pace throughout the work day, but not at a production rate pace where each task must be completed within a strict time deadline. The claimant cannot have face-to-face interaction with the general public while performing work tasks. He can have only occasional interaction with coworkers, but cannot perform tandem tasks or teamwork. The claimant can have occasional interaction with supervisors while performing work tasks. The claimant can adapt to and manage a low stress environment, defined as one that requires only occasional decision making and occasional changes in the work setting.

Tr. 565–66. The ALJ also determined that, beginning on August 1, 2018, Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: The claimant can occasionally climb ladders, ropes and scaffolds. He cannot tolerate extreme temperatures, humidity, fumes, odors, dusts, gases or poor ventilation. The claimant can occasionally work around hazardous machinery and unprotected heights. He can apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. The claimant can deal with problems involving a few concrete variables in or from standardized situations, consistent with work at SVP 2 and reasoning level 2. He can work at a consistent pace throughout the work day, but not at a production rate pace where each task must be completed within a strict time deadline. The claimant cannot have face-to-face interaction with the general public while performing work tasks. He can have only occasional interaction with coworkers, but cannot perform tandem tasks or teamwork. The claimant can have occasional interaction with supervisors while performing work tasks. The claimant can adapt to and manage a low stress environment, defined as one that requires only occasional decision making and occasional changes in the work setting.

Tr. 574. The ALJ found that Plaintiff "has been unable to perform any past relevant work" since February 1, 2014. *Id.* The ALJ then found that prior to August 1, 2018, there were jobs existing in significant numbers in the national economy that Plaintiff could have performed, including the job of "hand packager" (DOT[4] #920.587-018). Tr. 575–76. However, the ALJ found that no such

---

[4] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical

jobs existed beginning on August 1, 2018. Tr. 576. Therefore, the ALJ concluded that Plaintiff "was not disabled prior to August 1, 2018, but became disabled on that date and has continued to be disabled through the date of [the ALJ's] decision." *Id.*

### III. LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

On appeal, Plaintiff argues that: (1) the ALJ erred by failing to determine that Plaintiff's right shoulder impairment existed prior to 2018; (2) the ALJ erroneously based his assessment of Plaintiff's symptoms solely upon objective medical findings or a lack thereof; (3) the ALJ failed to support his RFC determination with a function-by-function analysis or substantial evidence; (4) the ALJ erroneously assessed certain medical opinions and findings in the record; (5) the ALJ failed to give appropriate weight to Plaintiff's limitations in performing activities of daily living; (6) the ALJ failed to consider how Plaintiff's limitations affect his ability to remain on task; (7) the ALJ made "inconsistent" and "contradictory" findings regarding Plaintiff's specific vocational preparation time and reasoning level; and (8) the ALJ erred at step four by improperly evaluating the vocational expert's testimony and by posing improper hypothetical questions to the vocational expert. ECF 11, at 11–38.

Defendant counters that: (1) the ALJ appropriately determined, in Plaintiff's favor, that Plaintiff had not engaged in substantial gainful activity since his alleged onset date; (2) the ALJ properly evaluated Plaintiff's severe and non-severe impairments prior to the application date; (3) the ALJ properly determined that Plaintiff's impairments did not meet or equal a listing at step three; (4) the ALJ properly determined that, prior to the established onset date of disability, Plaintiff could perform medium work; (5) the ALJ properly determined that Plaintiff could not

---

and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

perform his past relevant work; and (6) the ALJ properly determined that Plaintiff could perform jobs existing in significant numbers in the national economy.[5]  ECF 14-1, at 6–26.

I begin with Plaintiff's seventh argument because I find it dispositive.  Plaintiff contends that the RFC's limitations to: (1) applying "commonsense understanding to carry out detailed but uninvolved written or oral instructions" and (2) dealing with problems "involving a few concrete variables in or from standardized situations, consistent with work at SVP[6] 2" and General Education Development ("GED") Reasoning Level[7] 2 are "inconsistent with the previous RFC of simple, routine and repetitive tasks" and "inconsistent with and contradictory to" the remainder of the RFC in the instant case.  ECF 11, at 26.  Plaintiff avers that the ALJ "attempted to frame the current RFC" to render Plaintiff capable of performing SVP 2, Reasoning Level 2 jobs, but failed to establish a logical bridge from the evidence to the conclusion that Plaintiff can perform such work.  *Id.* at 27.

"'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'"  *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)).  "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).  In *Mascio*, the Court held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Id.* at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)).

As an initial matter, and despite Plaintiff's contention to the contrary, the ALJ did not err by failing to reconcile the RFC determination at issue in this appeal with the RFC determination articulated in his prior decision.  Where, as here, a prior decision by an ALJ has been vacated by

---

[5] Defendant's motion does not provide a point-by-point response to Plaintiff's brief and instead focuses on the ALJ's fulfillment of each step in the sequential evaluation process.  As such, Defendant addresses some issues not raised by Plaintiff, such as the ALJ's step-three determination.  ECF 14-1, at 8–9.  Defendant also fails to address certain issues raised by Plaintiff, such as the dispositive issue which the Court addresses below.

[6] "SVP refers to 'Specific Vocational Preparation,' which is defined as 'the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.'"  *Lawler v. Astrue*, No. BPG-09-1614, 2011 WL 1485280, at *2 n.2 (D. Md. Apr. 19, 2011) (quoting DOT App'x C (4th rev. ed. 1991)).

[7] GED Reasoning Level 2 jobs require a claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions."  DOT, App. C, 1991 WL 688702.  GED Reasoning Level 1 jobs require a claimant to "[a]pply commonsense understanding to carry out simple one- or two-step instructions."  *Id.*

the Appeals Council, an ALJ evaluating the case on remand does not err by failing to consider the RFC determination made in the prior decision. *See Batson v. Colvin*, No. 7:14-CV-48-D, 2015 WL 1000791, at *7 (E.D.N.C. Mar. 5, 2015) (rejecting claimant's argument that a "second ALJ avoided a finding of disability . . . by increasing [the RFC] from light to medium . . . without explaining the discrepancy in the two decisions" because "the ALJ was not bound by or required to consider the prior vacated [RFC] determination") (citing *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999); *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391 (4th Cir. 1987)).

Nonetheless, Plaintiff persuasively argues that inconsistencies within the decision currently on appeal warrant remand. In his decision, the ALJ gave "significant weight" to the opinions of two state agency psychological consultants, Drs. Butler and Suansilppongse, due to the opinions' consistency with the evidence of record. Tr. 572. Dr. Butler opined that Plaintiff could "understand, recall, and carry out simple instructions" and "sustain persistence and pace in a work environment that required the completion of simple, repetitive tasks." *Id.* Similarly, Dr. Suansilppongse opined that Plaintiff "had the mental capacity to perform simple work-related activity[.]" *Id.* But, despite assigning significant weight to these opinions, the ALJ provided no corresponding limitation in the RFC restricting Plaintiff to "simple instructions" or "simple, repetitive tasks." Nor did the ALJ provide an explanation for why such a limitation was unwarranted. The ALJ's silence on this issue is particularly confusing given that the decision notes in its first page that "the Appeals Council has directed the undersigned to . . . reconcile the limitation to simple, routine, and repetitive tasks to the jobs with a reasoning level of 2 provided by the vocational expert." Tr. 560.

To be sure, "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight." *Wilkinson v. Comm'r Soc. Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014). However, an ALJ who assigns significant weight to an opinion "without [providing] an explanation for any inconsistencies" between the opinion and the remainder of the evidence must account for this discrepancy in the RFC evaluation. *Thomas v. Saul*, No.19-1164, 2020 WL 4016035, at *7 (D.N.M. July 16, 2020); *see also* Social Security Ruling "SSR" 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("[I]f the RFC assessment conflicts with the opinion, the [ALJ] must explain why the opinion was not adopted.").

Here, the ALJ failed to provide such an explanation, and the omission was not harmless. In *Thomas v. Berryhill*, the Fourth Circuit held that a claimant who is "limited to short, simple instructions[] may not be able to carry out detailed but uninvolved instructions" as required to perform GED Level 2 work.[8] 916 F.3d 307, 314 (4th Cir. 2019); *see also Grier v. Berryhill*, No.

---

[8] The Court acknowledges that the Fourth Circuit has also held that the performance of "jobs limited to 'simple, routine, repetitive tasks of unskilled *work*'" is not inconsistent with Reasoning Level 2. *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) (emphasis added). But, because this case implicates Plaintiff's ability to carry out detailed *instructions*, *Lawrence* does not foreclose the possibility, raised in *Thomas*, that Plaintiff may not be able to perform work at Reasoning

*Timothy H. v. Kijakazi*
Civil No. 22-1746-BAH
July 13, 2023
Page 7

*Timothy H. v. Kijakazi*
Civil No. 22-1746-BAH
July 13, 2023
Page 7

1:18-1605-JMC-SVH, 2019 WL 2061588, at *14 (D.S.C. Mar. 13, 2019), *report and recommendation adopted sub nom. Grier v. Comm'r of Soc. Sec. Admin.*, No. 1:18-CV-01605-JMC, 2019 WL 1723601 (D.S.C. Apr. 18, 2019) (finding that limitations to the performance of "simple routine tasks," "understand[ing], remember[ing] and follow[ing] simple instructions," "mak[ing] simple work-related decisions," and "tolerat[ing] routine changes in [the] work setting" limited a claimant to jobs with "a GED reasoning level of one"). Here, the ALJ found that Plaintiff could perform Reasoning Level 2 work but made no RFC determination regarding Plaintiff's ability to follow simple instructions, despite the record evidence discussed above. Additionally, the vocational expert testified that while Plaintiff could perform one job at Reasoning Level 2 (hand packager), a restriction to working at Reasoning Level 1 would preclude employment. Tr. 608–09. Given this, and because no logical bridge exists between the opinion evidence and the ALJ's ultimate RFC conclusion on this issue, a more fulsome explanation of why the ALJ determined that Plaintiff could perform work at Reasoning Level 2 is necessary.

To be sure, the ALJ noted that Plaintiff's "most recent mental health treatment [in 2015] supports" his ability to perform work at Reasoning Level 2 because the treatment "shows improvement in [Plaintiff's] mental functioning." Tr. 571 (citing Exhibit 9F). But the ALJ provided no explanation of why these 2015 treatment notes—which were recorded just months apart from the opinions of Drs. Butler and Suansilppongse and include no evaluation of Plaintiff's instruction-following capabilities—are more probative of Plaintiff's GED reasoning level than the "significant" opinions of two state agency psychological consultants. Moreover, even if the ALJ found that Plaintiff's 2015 treatment records outweighed the opinions of Drs. Butler and Suansilppongse, SSA regulations required him to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996); *see also Ross v. Colvin*, No. 4:12-CV-283-Y, 2013 WL 5423980, at *3 (N.D. Tex. Sept. 27, 2013) ("[T]he ALJ must resolve any inconsistencies in the record [and] explain why functional limitations can or cannot be reasonably accepted as consistent with medical or nonmedical evidence[.]") (citing SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996)). Because such an explanation was not provided but may have been material to the ultimate disability determination in this case for the reasons explained above, remand is warranted.

In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct. Because the case is being remanded on other grounds, I need not address the remainder of Plaintiff's arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.

V.   **CONCLUSION**

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF 14, is

---

Level 2. *See Shawn S. v. Kijakazi*, No. CV 21-3180-BAH, 2022 WL 6200648, at *6 (D. Md. Oct. 7, 2022) ("Applying *Thomas*, . . . the Fourth Circuit . . . found [in *Lawrence*] that there is a meaningful difference between a limitation to jobs involving 'short, simple *instructions*,' and work that limits a claimant to 'simple, routine, repetitive *tasks*.'") (citing *Lawrence*, 941 F.3d at 141) (emphasis in original).

*Timothy H. v. Kijakazi*
Civil No. 22-1746-BAH
July 13, 2023
Page 8

DENIED.  The SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

                                    Sincerely,

                                      /s/

                                    Brendan A. Hurson
                                    United States Magistrate Judge